*65 OPINION.
Trammell:
The first question to be determined is whether there was a Iona fide indebtedness from Conway to the petitioner. From the evidence we think there was. The note was reduced to judgment. Execution was returned nulla tona. We can not presume or can we find that there was collusion between the parties. The judgment of the court must be given full force and effect.
*66 We then have the situation where Conway was indebted to the petitioner in the amount claimed. He had no assets except the machine. Work on this machine had been stopped. It was decided not to undertake to perfect it. In its then condition it was not workable and was valueless as a machine. Its only value was its scrap value. Yet, it did not belong to the petitioner. We do not know that the value as scrap would have equaled the cost of dismantling and removing if the petitioner had had execution levied and had recovered the machine. In addition to the fact that the execution was returned nulla bona, the debtor was subjected to examination for the purpose of ascertaining if he had any property out of which the execution could be satisfied. This examination disclosed that he had no assets subject to execution.
Under the facts and circumstances, it is our opinion that the petitioner ascertained the debt in question to be worthless and charged it off during the taxable year involved.

Judgment will be entered on 15 days’ notice, under Bule 50.

MtiRDOcic dissents.